Judge Owsley
delivered the opinion of the court.*
This writ of error is brought by Wm. Higden to reverse a judgment recovered against him by Leonard Higden, in an action of assumpsit brought by Leonard in the court below.
The trial was had on the general issue, and the questions made in this court involves the correctness of the decision of that court in refusing a new trial.
The new trial was asked for by William Higden on the grounds,
1. Of the verdict being against evidence.
2. Surprise, by the evidence of Thomas Higden.
3. The discovery of new evidence.
With respect to the first ground, we are of opinion the record exhibits no sufficient cause for the interference of the court in granting a new trial.
As evidence, in relation to the point in issue, was introduced by both parties, the verdict cannot be said to be against evidence; and although there may, in our estimation, be a slight preponderance of evidence against the verdict, to award a new trial on that ground, would certainly be invading the right of the jury, whose peculiar and constitutional province it is to weigh and decide upon the credibility of evidence.
Nor do we suppose a new trial should have been awarded on the ground of surprise.
The surprise complained of by William Higden, relates to the evidence of Thomas Higden, who seems to have been introduced by himself for the purpose of proving that R. Higden, whose deposition had been taken by him de bene esse, was unable to attend court; but as he states, in his affidavit, he was surprised to hear Thomas swear that R. Higden was able to attend court.
The ability of R. Higden to attend as a witness, was the very pivot upon which the admission of his deposition turned; and as it was taken by Wm. Higden, he ought to have been prepared to prove the fact. But if, instead of summoning a witness to establish the deponent’s inability tor attend, as he states in his affidavit, he called upon Thomas Higden, who had been summoned by his adversary, he *43 thereby, for that purpose, made the witness his own, and we apprehend cannot be said to have been so surprised as to authorise the interference of the court in awarding a new trial.
Hardin for plaintiff in error.
And with respect to the discovery of new evidence alledged by William Higden, it need only be remarked, that from his own affidavit, he appears to have known of the evidence, alledged to have been discovered, before the verdict was returned by the jury, and as such should have introduced it before the jury.
The judgment must be affirmed with cost.

Absent, Judge Rowan.